### FISHER *v.* LUCKIE.

ATKINSON, J. The exception in this case is to a judgment directing a verdict for the defendant in a suit instituted by an obligee in a bond for title (being a written contract for the sale of land), for cancellation of the contract, and for damages on the ground of fraud. The pleadings and evidence did not make out a prima facie case of fraud, and the judgment directing a verdict for the defendant was not erroneous on the ground that the issues should have been submitted to the jury.

(a) The claim of fraud related to the character of a loan that was placed

Appeal and Error 3 C. J. p. 940, n. 20.

Cancellation of Instruments 9 C. J. p. 1256, n. 31.

Fraud 27 C. J. p. 68, n. 25; p. 73, n. 61.

Vendor and Purchaser 39 Cyc. p. 1273, n. 98.

on the property, which the plaintiff assumed. The loan corresponded with the descriptive terms of the written contract of sale, and the plaintiff's assent to that contract was not procured by any false statement of fact, or trick or device on the part of the defendant, or induced by any confidential relation between the parties.

(b) The defendant's answer set up a cross-demand in support of which evidence was introduced. There was no exception to the judgment in so far as it related to the cross-demand.

                 *Judgment affirmed. All the Justices concur.*

            No. 4942. FEBRUARY 19, 1926.

Equitable petition. Before Judge Humphries. Fulton superior court. April 10, 1925.

A preliminary contract for the sale of realty, dated July 18, 1922, in stating the consideration to be paid by the purchaser included the clause: "The assumption of a loan of $4000.00." The vendor executed a mortgage and notes to a third person, dated August 1, 1922, for a loan upon the property of $4000.00, of which $500.00 should be payable two years after date, $500.00 payable three years after date, and $3000.00 payable five years after date. The contract of sale first above mentioned was consummated by the execution of a bond for title dated August 1, 1922, and entry of possession by the vendee. The bond for title, in stating the consideration to be paid by the purchaser, included the clause: "The assumption of a mortgage in favor of I. M. Lang principal and interest for $4,000.00, dated Aug. 1st, 1922, interest at the rate of 7-1/2% per annum, payable semi-annually." On January 17, 1924, the vendee instituted an action against the vendor, to cancel the contract and to recover damages on the basis of fraud. The allegations of the petition as to fraud and damages were, "that by the terms of said contract she agreed that a loan of four thousand ($4,000.00) dollars might be procured by [defendant] on said property for a term of five (5) years, at 7% interest, interest payable semi-annually; that she had every confidence in [defendant], and trusted him to procure said loan in terms of the contract and in terms of the conditions contained in his bond for title of said date; that she has recently learned that said loan was not placed in the terms of said contract, but that said loan, while it is for the sum of four thousand ($4,000.00) dollars, bearing 7-1/2% interest per annum, payable semi-annually, the principal of said loan is made payable in three payments. Five hundred ($500.00) dollars of said

principal is due Aug. 1st, 1924, and five hundred ($500.00) dollars of said principal is due Aug. 1st, 1925, and three thousand ($3,000.00) dollars of said principal is due Aug. 1st, 1927, . . that [petitioner] was ignorant of the terms of said loan until the same was recently called to her attention by a prospective purchaser of said property, and that by reason of said loan being a reducible loan, as above stated, your petitioner lost a sale of said property, by reason of which she claims and alleges that she has been damaged in the sum of sixteen hundred and forty-six dollars and fifty cents ($1646.50), for which said amount she prays a judgment . . and special lien upon the property described in this petition; . . that said [defendant] by placing the loan in the terms above stated has practiced a fraud upon your petitioner, for that he represented to your petitioner that he would place a loan upon said property for the sum of four thousand ($4,000.00) dollars for a term of five (5) years at 7-1/2% interest, said interest being payable semi-annually; that he knew that said representations were false and fraudulent, and calculated to injure and damage your petitioner; that your petitioner believed the statements of said [defendant] and acted upon them; . . that said [defendant] has knowingly, wilfully practiced a legal and moral fraud upon your petitioner by making to her false and fraudulent representations as to the terms of said loan, he at the time knowing that said representations were false and calculated to mislead, injure, and damage your petitioner; that your petitioner, having every confidence in the honesty and integrity of the defendant, believed his statements to be true and acted upon them; that she now brings this petition as soon as said fraud was discovered, and asks that said contract of sale be declared void."

The defendant's answer denied the allegations as to fraud, but admitted "that he stated to the real-estate agent representing the plaintiff in the purchase of said property that he would secure a loan on the property for $4,000.00 on the best terms possible, interest not to exceed 8%," and "that he did succeed in securing a loan for $4,000.00 at 7-1/2% upon the terms of repayment set out in said paragraph of plaintiff's petition, and that said loan was assumed by the plaintiff when she purchased said property." At the trial the plaintiff introduced the preliminary contract and

bond for title, and other evidence. The written contract provided for payment of part of the purchase-price in monthly installments of $50 each, payable September 1, 1922, and successively on the first of each month thereafter until all should mature. The evidence in relation to the alleged fraud was to the following effect: The loan on the property was what is called a reducible loan. Some people prefer straight loans. The plaintiff offered to sell this property to several persons who were willing and able to purchase it, but they refused to purchase it on the ground that the loan was a reducible loan. The plaintiff testified that she bought the property on August 1, 1922, and that either the last of September or first of October, 1922, she told the defendant that she had a prospective purchaser for the property and that to her "great surprise" she found that the loan was a reducible loan instead of a straight loan, and "offered to rescind the proposition;" that the defendant "would not agree to that, and he said it was a straight loan; he still gave me the assurance that it was a straight loan that he had placed on the property." Another witness, as to an occurrence that took place in 1924, testified: "I told [plaintiff] the reason I wouldn't purchase it was that it was a reducible loan, I would have to pay out this $500.00 in October, 1924, and if I was displeased with it, and wanted to sell it to others and didn't want it as a home, that that would be in the way of selling the property." The plaintiff "assured me it was a straight loan; [defendant] had told her it was a straight loan. I told her if she would get [defendant] to my office I would convince him that it was a reducible loan." The defendant "came to my office; . . he stated that it was a straight loan. I had these three coupons, one for $112.50, dated August 1, 1922, and one for $18.75, dated August 1, 1922, and one for $18.75, dated August 1, 1922. I says, 'It is obliged to be a reducible loan, from these coupons, which one of them says is interest on $500.00, and the other one says interest on $500.00 due at a certain time, and the other interest on $3000.00.'" The defendant "took the coupons and looked at them, and he made this remark, he says, 'It seems to be a reducible loan from these coupons, . . but if it is a reducible loan they have put one over on me.'" The evidence further showed that after the plaintiff first complained to the defendant about a reducible loan

and asked for a rescission of the contract, she continued to meet the monthly payments of purchase-money under the contract until she had paid the 12th of such payments; also that she made other demands for rescission after the first demands above referred to, which were refused. The defendant introduced evidence to support a cross-demand that was set up in the answer. At the conclusion of the evidence the judge directed a verdict for the defendant. In the bill of exceptions error was assigned on the direction of the verdict, (1) "because there was an issue of fact made by the evidence in said case, which should have been submitted to a jury." (2) "It was error . . to direct a verdict in said case, for the reason that the pleadings in said case asked for a judgment in damages for fraud and deceit practiced upon the plaintiff . . by the defendant . . and . . under the evidence . . this issue should have been submitted to the jury by proper instructions from the court." There was no other assignment of error.

*Ray & Ray,* for plaintiff.　*McElreath & Scott,* for defendant.